UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID ST. PIERRE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) 3:06-CV-0038-LRH (VPC)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　) **REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　　　　　) **OF U.S. MAGISTRATE JUDGE**
QUENTIN BYRNE, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　　　) July 23, 2007
　　　　Defendants.　　　　　　　　)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (#33). Defendants opposed (#39) and plaintiff replied (#41). The court has thoroughly reviewed the record and the motions and recommends that plaintiff's motion for a preliminary injunction (#33) be denied.[1]

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff David St. Pierre ("plaintiff") is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#29). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment right to freedom from retaliation, Eighth Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment rights to due process and equal protection, and his rights under the Americans with Disabilities Act ("ADA") (#8). Plaintiff names as defendants Quentin Byrne, Lovelock Correctional Center ("LCC") Classification Chief; Jackie Crawford, former NDOC

---

[1] Plaintiff's motion is entitled "Motion to supplement the record with new and recently developed preliminary injunction evidence" (#33). In his complaint, plaintiff requests a temporary and permanent injunction to prevent defendants from engaging in the conduct alleged in the complaint (#8, p. 9). Although plaintiff does not invoke Federal Rule of Civil Procedure 65 in his motion, because plaintiff references such relief in his complaint and because he filed this motion *in pro se*, the court liberally construes plaintiff's motion as a motion for a preliminary injunction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Director; William Donat, NDOC "Offender Mat Tech."; Adam Endel, ESP Associate Warden; Kenny Guinn, former Nevada Governor; Robert LeGrand, LCC Associate Warden; Elton McDaniel, ESP Warden; Dwight Neven, ESP Associate Warden; Joyce Thompson, LCC Case Worker; and Glen Whorton, former NDOC Director. *Id.* After dismissals, plaintiff's remaining claims are his count I Eighth Amendment claim, count II due process claim, and count III ADA claim (#43 and #46).[2]

In count I, plaintiff alleges that defendants violated his Eight Amendment right to be free from cruel and unusual punishment based on his confinement in "isolated segregated solitary confinement" at ESP (#8, p. 4). In count II, plaintiff alleges that defendants violated his right to due process by continually failing to provide a classification hearing to remove plaintiff from "isolated segregated solitary confinement" at ESP. *Id.*, p. 5A. In count III, plaintiff alleges that defendants violated his rights under the ADA by housing him in solitary confinement and excluding him from participating in prison programs and activities based on plaintiff's status as a "physically disabled individual." *Id.*, p. 6. Plaintiff's claims are limited to events occurring after January 23, 2004 (#43 and #46).

The court notes that although plaintiff initially proceeded *in pro se*, on June 27, 2007, the court ordered that Robert Kilby, Esq., be substituted as attorney of record (#57). Plaintiff filed the current motion when he was acting *in pro se*.

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Preliminary Injunction

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no

---

[2] On May 2, 2007, the District Court adopted and accepted this court's April 9, 2007 report and recommendation dismissing plaintiff conspiracy claims in counts I – III, his equal protection claim in count II, his retaliation claim in count III, all acts prior to January 23, 2004 in counts I – III, and all defendants in their official capacities (#43 and #46).

2

> further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief...

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Alternatively, the moving party may demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth Circuit has stated that these alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813.

Preliminary injunctive relief is designed to preserve the status quo until the court has an opportunity to hear the lawsuit on its merits. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

**B. Analysis**

Plaintiff argues that in early 2007, defendants transferred him from Southern Desert Correctional Center ("SDCC"), where he had been housed for a period of time, back to ESP, based on a "bogus" notice of charges for an assault (#33). Plaintiff contends that once at ESP, defendants immediately placed him back into "isolated segregated solitary confinement." *Id.*, p. 3. Similar to the allegations in his complaint, plaintiff maintains that defendants denied him

contact with everyone aside from ESP prison staff, forced him to sleep on the cold floor on a mattress, made him crawl to receive meals, medication and mail, subjected him to constant bright lighting, denied him an operable sink and shower, subjected him to extreme noise levels from mentally ill patients in the infirmary, and denied him his medications and his personal and legal property. *Id.* As a result, plaintiff alleges he suffered from "serious and severe excruciating pain" from damaged nerves in his lower back. *Id.*, pp. 3-4.

### 1. Likelihood of success on the merits

To obtain a preliminary injunction, plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson*, 72 F.3d at 1430. "Likelihood of success on the merits" has been described as a "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970).

An inmate may challenge the conditions of his confinement as a violation of his Eighth Amendment right to be free from cruel and unusual punishment if he satisfies objective and subjective standards. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The objective standard requires prison officials to provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Id.* Excessive noise, twenty-four hour lighting, failure to provide an inmate with the opportunity for personal hygiene, and cells containing urine and feces can also constitute Eighth Amendment violations. *See Keenan v. Hall*, 83 F.3d 1083, 1089-92 (9th Cir. 1996); *see also Hoptowit v. Spellman*, 753 F2d 779, 783 (9th Cir. 1985). The court must evaluate the circumstances, nature and duration of the injury or the unnecessary and wanton infliction of pain. *Lewis*, 217 F.3d at 731; *see also Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

The subjective standard requires a showing that prison officials were "deliberately indifferent" to an inmate's safety. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). This prong is satisfied by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Palmer*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*citing McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en

1  banc)). While a finding that the defendant's activity resulted in "substantial harm" is not
2  necessary, "such would provide additional support for the inmate's claim that the defendant was
3  deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096.
4       A review of plaintiff's submitted evidence reveals that almost one-half of the documents
5  are illegible and unreadable (#33). Additionally, many of the documents are not related to the
6  conditions of plaintiff's confinement at ESP; rather, they pertain to plaintiff's disciplinary hearing
7  at SDCC prior to his transfer to ESP.
8       Most importantly however, is that none of the legible documents indicate that defendants
9  denied plaintiff contact with anyone aside from prison staff, subjected him to constant bright
10 lighting in his cell, denied him an operable sink and shower, or subjected him to extreme noise
11 levels from mentally ill patients in the infirmary. While plaintiff contends that he went without
12 all medication for a period of time, the prison's responses to plaintiff's grievances reveal that
13 prison medical was aware of plaintiff's medical condition and that plaintiff received certain drugs
14 for life-threatening conditions. In fact, plaintiff even admits in one of his grievances that he was
15 receiving some of his medications during January 2007. *See* #33, Informal Grievance dated Jan.
16 24, 2007 ("ESP Medical Dept was only providing me Alupent, Zantac, Nitroglycerin").
17      Most of plaintiff's evidence consists of copies of his grievances which contain the same
18 sort of allegations as are in his complaint. This is not enough to indicate a likelihood of success
19 in proving an Eighth Amendment conditions of confinement claim.

**2. Irreparable Injury**

21      To obtain a preliminary injunction, plaintiff must offer evidence that he will be irreparably
22 injured without the injunction. *Johnson*, 72 F.3d at 1430. "Courts generally do look at the
23 immediacy of the threatened injury in determining whether to grant preliminary injunctions."
24 *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991)
25 *citing Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened
26 injury as a prerequisite to preliminary injunctive relief").
27      Plaintiff maintains that he suffered from "excruciating" back pain after his transfer to ESP
28 in January 2007. However, plaintiff's evidence does not indicate that he faces any "imminent"

5

or "immediate" harm or injury. The court concludes that there is no evidence to demonstrate that plaintiff is in danger of suffering irreparable injury.

### 3. Balance of Hardships and the Public Interest

Because the court found that plaintiff failed to demonstrate a likelihood of success on the merits and irreparable injury, the court does not address the balance of hardships or public interest elements.

### 4. Alternative Test

The Ninth Circuit has held that as an alternative to the four traditional equitable criteria for relief through preliminary injunction, plaintiff may prove *either* (1) a likelihood of success on the merits and the possibility of irreparable injury, *or* (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. *Southwest Voter Registration Educ. Project*, 344 F.3d at 917 (emphasis added). The court already concluded that plaintiff has not demonstrated that he can meet the first alternative test.

Regarding the second alternative test, because all plaintiff submits are grievances with the same allegations as are in his complaint, there is no evidence before the court that raises serious questions as to plaintiff's Eighth Amendment claim. Moreover, the balance of hardships do not tip "sharply" in plaintiff's favor. Although plaintiff may not desire to be housed in the ESP infirmary, the prison, in its discretion, may house plaintiff where it deems appropriate for the safety and security of the institution. In this case, defendants have submitted evidence that they must house plaintiff in the ESP infirmary (#14, Exhibit I). First, plaintiff's medical needs partially dictate his housing placement. *Id.* Second, plaintiff apparently cannot be housed in ESP general population based on being previously housed in ESP protective segregation, and cannot be housed in ESP protective segregation because he has a named enemy there. Plaintiff has not submitted evidence to refute this. The court defers to prison administrators to make such day-to-day determinations. *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). The balance of hardships do not tip towards plaintiff, and he has not met the second alternative test.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the plaintiff

has failed to submit evidence demonstrating that he is likely to succeed on the merits of his Eighth Amendment claim, or that he is likely to imminently suffer irreparable harm. The court further concludes that plaintiff has not raised serious questions as to his claim, and that the balance of hardships does not tip sharply in plaintiff's favor.

As such, the court recommends that plaintiff's motion for a preliminary injunction (#33) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#33) be DENIED.

**DATED:** July 23, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**